**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DERRICK D. NEELY-BEY TARIK-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-0363-WTL-DML |
| | ) |
| WENDY KNIGHT, DAVID SMITH, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint. Dismissing Insufficient Claims**
**and Directing Further Proceedings**

As an initial matter, the plaintiff's motion for leave to file amend complaint [dkt. 11] **is**

**denied** as unnecessary in light of the Court's Entry dated May 5, 2015, directing the plaintiff to

file an amended complaint. **The clerk is instructed** to re-file the document at docket Entry 11 as

the amended complaint.

## I. Background

Plaintiff Derrick Neely-Bey Tarik-El filed an amended complaint docketed

contemporaneously with this Entry, alleging that his constitutional rights were violated when he

was disciplined for engaging in his religious practice. More specifically, the plaintiff states that he

is a member of the Moorish Science Temple of America, but alleges that a minister from the

Moorish Science Temple of America instructed the facility where the plaintiff is incarcerated that

he (the plaintiff) was not to teach, facilitate or serve the Moorish Temple or speak at Friday Holy

Day services. He was speaking on a Friday in violation of these instructions and as a result

allegedly received a conduct report for disruptive behavior. The plaintiff alleges that the

defendants violated his right to religious freedom pursuant to the First Amendment by enforcing

the restriction placed on him by the Moorish Science Temple of America. He seeks injunctive relief.

## II. Insufficient Claims

The plaintiff's claim against defendant M. Doles-Bay **must be dismissed**. To be liable under 42 U.S.C. § 1983, the defendants must be acting under color of state law. *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Here, the plaintiff specifically states that M. Doles-Bay is not an employee of the Correctional Industrial Facility. He does not otherwise allege, nor can it be plausibly inferred from the complaint, that M. Doles-Bay is a state actor. Accordingly, the plaintiff cannot sue the M. Doles-Bay for constitutional violations under 42 U.S.C. § 1983.

## III. Claims that May Proceed

The plaintiff's First Amendment claim against defendants Wendy Knight and David Smith in their official capacity for injunctive relief may proceed as submitted.

## IV.  Further Proceedings

The case shall proceed as to the First Amendment claims against Wendy Knight and David Smith.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the defendants Wendy Knight and David Smith in the manner specified by Rule 4(d).  Process shall consist of the amended complaint docketed contemporaneously with this Entry, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and **this Entry**.

**IT IS SO ORDERED.**

Date:  7/29/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

DERRICK D. NEELY-BEY TARIK-EL
#973338
Pendleton Correctional Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Wendy Knight
Pendleton Correctional Facility
5124 West Reformatory Road
Pendleton, IN 46064

David Smith
Pendleton Correctional Facility
5124 West Reformatory Road
Pendleton, IN 46064