# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK DION NEELY-BEY TARIK-EL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:15-cv-363-WTL-DML |
| | ) |
| WENDY KNIGHT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ENTRY DENYING MOTION FOR SUMMARY JUDGMENT

The plaintiff, an inmate at the Pendleton Correctional Facility, filed this civil action against the defendants alleging that his First Amendment rights were violated by the defendants when they allegedly enforced a restriction placed on him by the Moorish Science Temple of America. His claims are brought pursuant to 42 U.S.C. § 1983. He seeks injunctive relief.

Presently pending before the court is the Motion for Summary Judgment filed by defendants Wendy Knight and David Smith on October 26, 2015 [dkt. 22]. The plaintiff filed a response in opposition on November 6, 2015 [dkt. 25].

The defendants' motion argues that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the

non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

Here, the defendants' argue that the plaintiff failed to participate in each step of the grievance process when he failed to file a formal appeal of the denial of the formal grievance. [dkt. 22-1, p. 5]. In an "Affidavit of Truth" the plaintiff states that on January 1, 2015, he placed a formal appeal in the appropriate box in the dining hall. [dkt. 25]. There is a genuine issue of material fact as to whether the plaintiff participated in each step of the grievance process.

A primary purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

Based on the evidence presented, there is a genuine issue of material fact as to whether the plaintiff participated in each step of the grievance process before filing the instant lawsuit. Accordingly, the defendants' motion for summary judgment [dkt. 22] is **DENIED.**

The plaintiff's motion in response to defendants' claim of failure to exhaust administrative remedies [dkt. 25] is **granted** to the extent the motion is understood to be a response in opposition to defendants' motion for summary judgment.

An Entry setting a date for a telephonic conference and a *Pavey* hearing will issue

separately.

       **IT IS SO ORDERED.**

Date: 2/11/16

Distribution:

Derrick Dion Neely-Bey Tarik-El
No. 973338
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically registered counsel.

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana